**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JOUSHA BATISTA,

                    Plaintiff,

        v.

AT&T INC., *et al.*,

                    Defendants.

Civil Action No. 24-8503 (JXN)(MAH)

**MEMORANDUM ORDER**

**NEALS**, District Judge

**THIS MATTER** comes before the Court on Defendants AT&T Inc. ("AT&T"), AT&T Mobility LLC ("Mobility"), and AT&T Services, Inc.'s ("Services") (collectively, "Defendants") motion to dismiss *pro se* Plaintiff Jousha Batista's ("Plaintiff") Amended Complaint pursuant to Federal Rules of Civil Procedure[1] 8(a), 12(b)(1), 12(b)(2), and 12(b)(6). (ECF No. 22.) Plaintiff opposed the motion. (ECF No. 24.) Defendants filed a reply (ECF No. 25), and Plaintiff filed a sur-reply (ECF No. 26). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' motion to dismiss (ECF No. 22) is **GRANTED**.

        1.        As a threshold matter, the Court does not have personal jurisdiction over AT&T. The Court previously reached the same conclusion. *See Batista v. AT&T Inc.*, No. 24-8503, 2025 WL 1693893, at *4–8 (D.N.J. June 17, 2025). First, the Court concluded that it lacked general jurisdiction over AT&T because AT&T is a Delaware corporation doing business in Texas. *Id.* at

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

*5. Then, the Court found it lacked specific personal jurisdiction over AT&T because "Plaintiff does not raise any allegations that AT&T, at any time, initiated contact with him." *Id.* at *6. Next, the Court determined "Plaintiff has failed to provide sufficient evidence to establish alter ego jurisdiction over AT&T through [Mobility]." *Id.* at *8.

2.    In the Amended Complaint, Plaintiff claims the Court has personal jurisdiction over Defendants because they "deliberately, knowingly, and continuously transacted business" within New Jersey, "including administering employee retirement programs, servicing wireless customer accounts, issuing billing statements, processing payments, and engaging in commercial activity with" New Jersey residents. (Am. Compl. at 5, ECF No. 20.)

3.    On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), Plaintiff "bears the burden of demonstrating the facts that establish personal jurisdiction." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). Where the Court does not hold an evidentiary hearing on the 12(b)(2) motion, as here, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have [their] allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citation modified).

4.    Plaintiff, however, cannot solely rely on the pleadings to survive a Rule 12(b)(2) motion. *Patterson v. FBI*, 893 F.2d 595, 604 (3d Cir. 1990) (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)). Personal jurisdiction "is inherently a matter which requires resolution of factual issues outside the pleadings." *Id.* at 603 (quoting *Time Share Vacation Club*, 735 F.2d at 67 n.9). "Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Id.* at 603-04 (quoting *Time Share Vacation Club*, 735 F.2d at 67 n.9).

2

5.      The Court, mindful that Plaintiff proceeds *pro se*, liberally construes the complaint, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), with limited "procedural flexibility." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). *Pro se* litigants must still allege enough facts to state a claim, properly serve the defendants, and sue in a court with personal jurisdiction over the defendants.

6.      Courts "may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state" so long as jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). This is a two-step process: the Court first looks to the state law requirements and then to the constitutional requirements. *IMO Indus., Inc. v. Kiekart AG*, 155 F.3d 254, 259 (3d Cir. 1998). In New Jersey, the first step collapses into the second because "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Ct. R. 4:4-4(c)).

7.      Personal jurisdiction can be general or specific. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). General personal jurisdiction extends to all claims regardless of where they arose. *Id.* General jurisdiction over a corporation is proper "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). Specific personal jurisdiction extends only to cases "aris[ing] out of or relate[d] to the defendant's contacts" with the forum state. *Ford Motor Co.*, 592 U.S. at 358 (quoting *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 582 U.S. 255, 262 (2017)). A defendant's conduct and connection with the forum state must be such that the

3

defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Jurisdiction must also comport with traditional notions of "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe*, 326 U.S. at 320).

8.     Here, Defendants argue the Court lacks general or specific personal jurisdiction over AT&T. As before, AT&T has put forth affidavit evidence showing that: (i) AT&T is a holding company that is legally and factually distinct from its subsidiaries, including Mobility and Services; (ii) AT&T "does not manufacture, distribute, or provide any products or services that could find their way into New Jersey"; (ii) AT&T "does not conduct business directly with the public"; (iii) AT&T does not maintain "any employees, sales representatives, or distributors"; (iv) AT&T "does not own, lease, manage, or maintain any real property, office, residence, or place of business in New Jersey"; (v) AT&T "does not do business in New Jersey"; and (vi) AT&T "is not registered, licensed, or otherwise qualified to do business in New Jersey." (Phillips Decl. ¶¶ 6, 10–13, 15–18.)

9.     Plaintiff merely reiterates that AT&T has continuous and systematic contacts with New Jersey. (*See* Opp'n at 6, ECF No. 24.) Plaintiff asserts the Court has specific personal jurisdiction over AT&T because (1) AT&T entered an installation agreement with Plaintiff, (2) AT&T allegedly used Plaintiff's information outside of New Jersey, (3) AT&T failed to safeguard Plaintiff's information, and (4) AT&T serviced and billed Plaintiff's account "from within New Jersey commerce channels." (*Id.*)

10.     Even viewing the Amended Complaint and opposition liberally, Plaintiff has not established a *prima facie* case of personal jurisdiction.

11.     First, the Court lacks general personal jurisdiction over AT&T. As the Court previously found, AT&T is not incorporated in New Jersey, does not principally do business in New Jersey, and lacks systematic and continuous contacts such that the Court could view AT&T as at home in New Jersey. Plaintiff merely asserts that AT&T conducts systematic and continuous business in this state. (*See* Opp'n at 5–6, ECF No. 24.) But the Court need not credit a *pro se* litigant's "bald assertions," *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013), particularly where, as here, uncontradicted jurisdictional facts establish that AT&T has no systematic or continuous presence in New Jersey.

12.     Second, the Court lacks specific personal jurisdiction over AT&T. Plaintiff claims AT&T has sufficient minimum contacts with New Jersey based on business AT&T purportedly conducted with Plaintiff, including entering an installation agreement, using his data, failing to safeguard his data, and billing him. But, as the uncontradicted record evidence establishes, AT&T is a holding company that "does not conduct business directly with the public. It does not own or maintain a telecommunications network, does not own or maintain equipment that makes up a telecommunications network, and does not provide telecommunications services." (Phillips Decl. ¶ 13.) AT&T subsidiaries do business with the public. (*Id.* ¶ 14.) In other words, the record establishes that an AT&T subsidiary entered into the installation agreement with Plaintiff, used and guarded his data, and billed him. AT&T, as a holding company, did not. So, an AT&T subsidiary may have minimum contacts with New Jersey; AT&T, the holding company, does not. Accordingly, the Court concludes it lacks specific personal jurisdiction over AT&T.

13.     Because the Court lacks personal jurisdiction over AT&T, AT&T is **dismissed** ***without prejudice***. Should Plaintiff file an amended pleading against AT&T, Plaintiff shall provide

5

affidavits or other competent evidence showing that the Court has personal jurisdiction over AT&T, the holding company.

14.    Next, the Court turns to the substance of the Amended Complaint. AT&T argues there is none and moves to dismiss under Rules 8 and 12(b)(6).

15.    Rule 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court conducts a three-step inquiry in evaluating a motion to dismiss under Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the Court identifies "the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, the Court accepts all the plaintiff's well-pleaded factual allegations as true and "construe[s] the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). But the Court disregards "legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016). Third, the Court considers "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). Though the Court construes *pro se* pleadings liberally, Plaintiff must still allege sufficient facts to support a cognizable claim. *Mala*, 704 F.3d at 245.

16.     Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Judging the sufficiency of a pleading "is a context-dependent exercise." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (quoting *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010)). At a minimum, however, the pleading must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). Accordingly, a complaint must identify "discrete defendants and the actions taken by these defendants." *Garrett*, 938 F.3d at 93 (citation omitted). Dismissal under Rule 8(a) is appropriate when the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Muhammad v. U.S. States Bd. of Governors Postal Sys.*, 574 F. App'x 74, 74 (3d Cir. 2014) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

17.     Here, the Amended Complaint fails under both Rule 12(b)(6) and 8. The pleading does not clearly identify the conduct attributable to each Defendant, does not set forth facts sufficient to state any plausible claim for relief, and consists largely of generalized assertions and legal conclusions untethered to specific factual allegations. Nor does it provide Defendant with fair notice of the claims or the grounds upon which they rest. Accordingly, the Court evaluates each of Plaintiff's claims to determine whether dismissal is warranted.

18.     **<u>Count One</u>** alleges Defendants breached their fiduciary duties to Plaintiff under the Employee Retirement Income Security Act ("ERISA") § 404(a)(1). (Am. Compl. at 9–10.) To state a claim for an ERISA breach of fiduciary duty, Plaintiff must show "(1) a plan fiduciary (2) breaches an ERISA-imposed duty (3) causing a loss to the plan." *Mator v. Wesco Distrib., Inc.*, 102 F.4th 172, 184 (3d Cir. 2024) (citation omitted). Breach of fiduciary duty claims are fact dependent—the threshold question is whether the defendant "was acting as a fiduciary (that is, was

performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000). Plaintiff does not adequately allege (1) that any of the Defendants were plan fiduciaries, or (2) that any of the Defendants breached a fiduciary duty. Rather, Plaintiff simply concludes that Defendants acted in fiduciary capacities and breached fiduciary duties when they "failed to follow plan terms in good faith." (Am. Compl. at 9.) But these are precisely the kind of threadbare legal conclusions the Court need not assume as true. *Davis*, 824 F.3d at 341. Moreover, Plaintiff again fails to identify any specific plan provision Defendants purportedly violated. "Only the words of the Plan itself can create an entitlement to benefits." *Hein v. F.D.I.C.*, 88 F.3d 210, 215 (3d Cir. 1996). This Court previously dismissed Plaintiff's ERISA claims for failing to specify any plan language entitling Plaintiff to the payment of benefits or conferring a fiduciary duty upon Defendants. *Batista*, 2025 WL 1693893, at *11. The Amended Complaint again offers no specific plan language entitling Plaintiff to benefits or conferring fiduciary duties upon Defendants. Accordingly, Count One is **dismissed *without prejudice***.

19.     **Count Two** appears to be a failure-to-disclose claim under ERISA § 502(c). (*See* Am. Compl. at 10.) ERISA § 502(c) allows the Court to fine a plan administrator "who fails to comply with certain requests for information by a participant or beneficiary." *Spine Surgery Assocs. & Discovery Imaging, PC v. INDECS Corp.*, 50 F. Supp. 3d 647, 656 (D.N.J. 2014). To state a § 502(c) claim, Plaintiff must show (1) he made a request to a plan administrator, (2) the plan administrator was required to provide the requested material, and (3) the plan administrator failed to do so within thirty days. *Id.* Here, there is no allegation that any Defendant was a plan administrator, that Plaintiff made a request for information, that the Defendants were required to provide that information, or that Defendants failed to timely do so. The Amended Complaint states,

8

in conclusory terms, that Defendants failed to provide certain unspecified information and were required to do so. But threadbare legal assertions will not suffice on a motion to dismiss. *Davis*, 824 F.3d at 341. Therefore, Count Two is **dismissed *without prejudice***.

20. **Count Three** is an unjust enrichment claim. (Am. Compl. at 10.) Plaintiff alleges, in conclusory fashion, that Defendants retained and used his "vested trust assets" and personal data to generate revenue. (*Id.*) To state an unjust enrichment claim under New Jersey law, Plaintiff must show Defendants "received a benefit and that retention of that benefit without payment would be unjust." *Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218, 240 (3d Cir. 2020) (quoting *Thieme v. Aucoin-Thieme*, 227 N.J. 269, 288 (2016)). However, ERISA preempts any state law relating to an employee benefit plan. 29 U.S.C. § 1144(a). A state law relates to a plan "if it has a connection with or reference to such a plan." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990). It follows that, if an unjust enrichment claim is premised on the retention of a benefit conferred under an ERISA plan, ERISA preempts the unjust enrichment claim. *Plastic Surgery Ctr.*, 967 F.3d at 240. Here, Plaintiff's unjust enrichment claim alleges that Defendants withheld his retirement benefits. Those benefits plainly relate to his employee benefit plan. Because ERISA preempts, Count Three is **dismissed *with prejudice***.

21. **Count Four** is a trademark infringement claim under 15 U.S.C. § 1125. (Am. Compl. at 10–11.) Plaintiff alleges that Defendants unlawfully used his name in connection with financial and account-related activities. To state a trademark infringement claim, the plaintiff must show "(1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion." *E.A. Sween Co. v. Deli Exp. of Tenafly, LLC*, 19 F. Supp. 3d 560, 568 (D.N.J. 2014) (quoting *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000)). § 1125 requires the use of the

9

trademark "in commerce." 15 U.S.C. § 1125(a) ("Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof . . . ."). However, one of the statutorily enumerated defenses to trademark infringement is "[t]hat the use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, of the party's individual name in his own business." 15 U.S.C. § 1115(b)(4). Simply put, it is not trademark infringement for one person to use another's full proper name for a use other than a mark. *See Dolby v. Robertson*, 654 F. Supp. 815, 821 (N.D. Cal. 1986) ("In the present case, it is clear to the public that 'Thomas Dolby' is proper name. Therefore defendant may continue to use the name 'Thomas Dolby.'"). Accordingly, even if Plaintiff owned a valid and legally protectible trademark to his own name, Defendants used his individual name for a use other than a mark—specifically, as Plaintiff alleges, to operate Plaintiff's account and process financial transactions with Defendants. Because Defendants' use of Plaintiff's name does not constitute trademark infringement, Count Four is **dismissed** *with prejudice*.

22.    **<u>Count Five</u>** is for aggravated identity theft under 18 U.S.C. § 1028A. (Am. Compl. at 11.) Plaintiff alleges that Defendants unlawfully used his personal identifying information in connection with financial operations. (*Id.*) 18 U.S.C. § 1028A is a criminal statute. "[F]ederal criminal statutes *do not provide private causes of action*." *Barnett v. Servis One, Inc.*, No. 24-7845, 2024 WL 4392976, at *2 (D.N.J. Oct. 3, 2024) (quoting *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009)) (emphasis added). So, Count Five is **dismissed** *with prejudice*.

23.    **<u>Count Six</u>** is a claim for deceptive practices under federal and state law. (Am. Compl. at 11–12.) Plaintiff alleges Defendants' conduct "constitutes criminal-level deception." (*Id.* at 12.) A plaintiff alleging fraudulent conduct, including intentional or negligent misrepresentations, must satisfy Rule 9(b)'s heightened pleading standard. *Travelers Indem. Co.*

10

*v. Cephalon, Inc.*, 620 F. App'x 82, 86 n.3 (3d Cir. 2015). Rule 9(b) requires that fraud be pled with "particularity." "A plaintiff alleging fraud must therefore support its allegations 'with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue.'" *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002)). Plaintiff does not identify any specific misrepresentation, who made it, when or where it was made, or how it was materially false. Instead, the Amended Complaint consists of vague and conclusory allegations alleging that Defendants "engaged in a coordinated and sustained pattern of deceptive conduct by dishonoring valid and lawful negotiable credit instruments." (Am. Compl. at 11.) It is unclear what the deceptive conduct was or what the "valid and lawful negotiable credit instruments" were. And, to the extent Plaintiff alleges Defendants failed to honor a contract "that would require AT&T to accept an indorsed remittance coupon," the Court already rejected that precise argument. *Batista*, 2025 WL 1693893, at *9. Accordingly, Count Six is **dismissed** *without prejudice*.

24.    **Count Seven** is for negligence and violation of data security laws. (Am. Compl. at 12–14.) Plaintiff incorporates into Count Seven allegations from a nationwide class action lawsuit filed in Texas ("Texas Action") stemming from two AT&T data breaches. (*See id.* at 13.) The Hon. Ada E. Brown, U.S.D.J., preliminarily approved a class settlement ("Texas Settlement") in the Texas Action. *See* Order Granting Prelim. Class Settlement Approval, *In re AT&T Inc. Customer Data Sec. Breach Litig.*, No. 24-757 (N.D. Tex. June 20, 2025), ECF No. 298. The Texas Settlement Class encompasses "all living persons in the United States whose" AT&T data was included in the breaches. *Id.* ¶ 1. Therefore, to the extent Count Seven seeks to recover for the data breaches at issue in the Texas Action, Plaintiff is a member of the Texas Settlement Class.

25.    Judge Brown's Preliminary Approval Order provides:

> Any individual in the Settlement Classes who does not timely and validly request to opt-out shall be bound by the terms of Agreement even if he or she does not submit a Valid Claim, and even if he or she has pending, or subsequently initiates, litigation, arbitration, or any other proceeding against AT&T relating to the Released Claims.

*Id.* ¶ 15. According to Judge Brown's Order, a valid opt-out letter required "a handwritten 'wet' signature of the [Texas] Settlement Class Member." *Id.* And the deadline to opt out of the Texas Settlement Class was November 17, 2025. *In re AT&T*, No. 24-757 (N.D. Tex. Oct. 3, 2025), ECF No. 342. Consequently, unless Plaintiff validly opted out of the Texas Settlement, the Texas Settlement binds Plaintiff and bars Count Seven. Plaintiff did not do so.

26.    Plaintiff attached his opt-out letter to his opposition brief. (*See* Pl.'s Opp'n Ex. J, ECF No. 24.) Plaintiff's opt-out letter, however, did not bear a handwritten "wet" signature. (*Id.*) Because Plaintiff did not follow the opt-out requirements, his opt-out is invalid. *See In re Deepwater Horizon*, No. 20-30617, 2021 WL 3501651, at *2 (5th Cir. Aug. 9, 2021) ("All that matters here is that the [settlement agreement] required [plaintiff] to sign the form personally in wet ink; he indisputably did not. Therefore, the district court was correct to conclude that [plaintiff's] opt-out form was deficient under the [settlement agreement]."); *Perrigo Institutional Inv'r Grp. v. Papa*, 150 F.4th 206, 217 (3d Cir. 2025) ("Because Rule 23 requires a district court to prescribe the way for class members to request exclusion, they have to follow those instructions in order to opt out—a mere 'reasonable indication' of an intent to opt out will not do."). And, because Plaintiff's opt-out is invalid, the Texas Settlement binds him and precludes his attempt to recover for the data breaches subject to the Texas Action before this Court. Accordingly, Count Seven is **dismissed** ***with prejudice.***

27.    Proper service is a prerequisite to the Court exercising personal jurisdiction over a defendant. *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 409 (2017). Rule 4 governs proper service. "The party responsible for effecting service has the burden of demonstrating that service was proper." *Sharp v. Kean Univ.*, 153 F. Supp. 3d 669, 677 n.5 (D.N.J. 2015). Here, there is no evidence that Plaintiff filed or served the required summons on Mobility or Service. *See* Fed. R. Civ. P. 4(b) (requiring plaintiff to present summons to clerk for signature and seal); Fed. R. Civ. P. 5(d) (requiring plaintiff to file certificate of service); Local Civ. R. 5.1(b) (requiring plaintiff to file proof of service). If Plaintiff files an amended pleading, he shall properly serve Defendants in conformity with Rule 4.

28.    In sum, and for all the foregoing reasons, Defendants' motion to dismiss (ECF No. 20) is **GRANTED**. AT&T is **DISMISSED** *without prejudice*; Counts One, Two, and Six of the Amended Complaint (ECF No. 20) are **DISMISSED** *without prejudice*; Counts Three, Four, Five, and Seven of the Amended Complaint (ECF No. 20) are **DISMISSED** *with prejudice*. Plaintiff shall have fourteen (14) days from the date of this Memorandum Order to file an amended pleading correcting the deficiencies identified herein.

**DATED**: 3/26/2026

JULIEN XAVIER NEALS
United States District Judge